1:14 CV 1548

CR-14-585717-A
CR-14 588968-A

FILED
2014 SEP 22 PM 3: 05
U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

September 19 2014

FILED
2014 SEP 22 P 2: 52
CLERK OF COURTS
CUYAHOGA COUNTY

**Respondent:** Peter J. Corrigan & Andrea F. Rocco (hereinafter respondent)
1200 Ontario Street
Cleveland, OH 44113

**Affiant:**
Reason: Special Appearance
Grand Chief Master Juan Ali Bey Wyley El - (Indigenous Moor)
"c/o" 9500 Wade Park Avenue #1306
Cleveland-06 Ohio [44106-9998]

Greetings:

Please be advised that I AM coming to your court to make a Special Appearance (not general) In Propria Persona Sui Juris to challenge jurisdiction September 29 2014 at 9:00 am in lieu of your case # CR-14-585717. Be advised that all parties must be prepared to submit their credentials; Performance Bond, Oath of Office, National Descent Flag, Nationality Card or Green Card, Delegation of Authority Order and three (3) forms of identification, no state identification cards.

Be advised your oath of office has been accepted for value and you are expected to uphold the constitution for the united States of America as you took an oath to do. Failure constitutes a criminal act.

Respondent is expected to determine status of all parties at said trial and also agrees to; defend the constitution for the United States, enforce article 1 section 9 clause 8 of the constitution, enforce article 4 section 4 of the constitution, enforce article 6 of the constitution, enforce the Treaty of Peace and Friendship 1787, enforce article 3 section 3 of the constitution, which they are bound to uphold by oath & bond.

Respondent is herein put on notice that the UNITED STATES incorporated in Great Britain in 1871 making it a foreign corporation operating on American soil. Therefore, should respondent make any action in this matter other than dismissal, said act will constitute high treason against the united States of America, and breaking of your bond per article 6 sec 2 of the U.S. Constitution.

Sincerely

Without Prejudice [UCC 1-308], Common Law [UCC 1-103]
Grand Chief Master Juan Ali Bey Wyley El, secured party, creditor, holder in due course
In Propria Persona Sui Juris, Authorized Representative [UCC3-402(b)]

Judicial Notice of Defendant's Right to Appear at all Hearings/Conferences/Court Proceedings.

Comes now Grand Chief Master Juan Ali Bey Wylev El, in Proper Persona Sui Juris, to enact his right to make a special appearance at any and all hearings, conferences and or court proceedings in which he is (accused). [* Allegations are brought against him]

In a regular felony case, the defendant is required to be present at every stage of the trial except when [he/she] voluntarily is absent [him/herself]. Hopt v. People of Territory of Utah (1884), 110 U.S. 574; Lewis v. United States (1892), 146 U.S. 370; Crowe v. United States (C.A.6 1952), 200 F.2d 526.

Article 1, Section 10 of the **Ohio** Constitution provides in pertinent part: "In any trial in any court, the party defendant shall be allowed to appear and defend in person...."

In State v. Williams (1983), 6 Ohio St.3d 281 the Ohio Supreme Court stated: The Fifth Amendment to the Federal Constitution, enforceable against the States through the Fourteenth Amendment prohibits the various states from depriving any person of life, liberty, or property without due process has evolved on both the state and federal levels, the courts have broadened its guarantees to mandate the presence of the defendant, absent waiver of rights or other extraordinary circumstances, at every stage of his trial. See Illinois v. Allen (1970), 397 U.S. 337 rehearing denied (1970), 398 U.S. 915... Thus, the trial court's failure to secure the defendant's presence was a transparent violation of both his statutory and constitutional rights. Williams, 6 Ohio St.3d at 286

In Diaz v. United States (1912), 223 U.S. 500, 505. The United States Supreme Court held that a capitally charged defendant had an absolute right to be present at all stages of the proceedings and the defendant could not waive such right even if [he/she] desired:

In cases of felony our courts, with substantial accord, have regarded it is extending to every stage of the trial, inclusive of the empaneling of the jury and the reception of the verdict, and as being scarcely less important to the defendant than the right of trial itself. And with like accord they have regarded a defendant who is in custody and one who is charged with a capital offense as incapable of waiving the right; the one, because his presence or absence is not within his own control; and the other because, in addition to being usually in custody, he is deemed to suffer the constraint naturally incident to an apprehension of the awful penalty that would follow conviction.

Both the Sixth Amendment to the United States Constitution and Article 1 Section 10 of the Ohio Constitution guarantee a defendant the right to effective assistance of counsel. However, any counsel's effectiveness is severely hampered when a trial proceeds while [his/her] client is not present. Gideon v. Wainwright (1963), 372 U.S. 355.

Grand Chief Juan Alibey Wylsi El has not waived any of his rights and demands this court to honor his constitutionally protected right to be present during any and all conferences, hearings, court proceedings, trial in which allegations are brought against him. To not do so violates his right to due process as previously set forth.

CERT'I

## MOTION TO DISMISS

COMES NOW GRAND CHIEF MASTER JUAN ALI BEY WYLEY EL IN PROPER PERSONA SUI JURIS TO MOVE THIS HONORABLE COURT TO DISMISS THE CASE NO. CR-14-588968 A, CHARGES OF INTIMIDATION AND RETALIATION, IN THE CUYAHOGA COUNTY COMMON PLEAS COURT WITHOUT PREJUDICE FOR THE FOLLOWING REASONS IN SUPPORT.

THE GRAND CHIEF MASTER JUAN ALI BEY WYLEY EL'S FILING OF COMPLAINT AND SUIT IN FEDERAL COURT IS BEING USED TO SUPPORT, IN PART, THE ALLEGATIONS OF INTIMIDATION AND ALLEGATION AGAINST HIM. HOWEVER THE RIGHT TO FILE SUCH SUIT IS PROTECTED UNDER THE CONSTITUTION OF THE STATE OF OHIO ARTICLE 1 SECTION 16 WHICH STATES: REDRESS IN COURTS ALL COURTS SHALL BE OPEN AND EVERY PERSON, FOR AN INJURY DONE HIM IN HIS LAND, GOODS, PERSON OR REPUTATION SHALL HAVE REMEDY BY DUE COURSE OF LAW AND SHALL HAVE JUSTICE ADMINISTERED WITHOUT DELAY. SUITS MAY BE BROUGHT AGAINST THE STATE IN SUCH COURTS AND IN SUCH MANNER AS MAY BE PROVIDED BY LAW.

FURTHER, THE UNITED STATES CONSTITUTION FIFTH AND FOURTEENTH AMENDMENTS ENSURES THAT NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE U.S.

SUBSEQUENTLY, THE ALLEGATIONS BROUGHT AGAINST GRAND CHIEF JUAN ALI BEY WYLEY EL ARE IN DIRECT VIOLATION OF HIS RIGHTS PROTECTED BY THE FEDERAL AND STATE CONSTITUTIONS. THE ARREST AND DETENTION OF GRAND CHIEF ALI BEY WYLEY EL ITSELF WAS ILLEGAL, UNCONSTITUTIONAL AND ANY AND ALL LITIGATION, CONSEQUENTLY AMOUNTS TO PROSECUTORIAL MISCONDUCT, ABUSE OF POWER AND SHAM LEGAL PROCESS.

THE PUBLIC OFFICIAL (JUDGE DEENA CALABRESE), ALLEGED VICTIM IN THIS MATTER STATED ON RECORD DURING A HEARING ON SEP. 3rd 2014 THAT SHE WAS NOT THREATENED NOR ASSUMED ANY ILL INTENTION FR[OM] THE ACTIONS OF GRAND CHIEF MASTER JUAN ALI BEY WYLEY EL WHOM WAS PERMITTED TO EXIT THE COURT ROOM AND COURT HOUSE WITHOUT INCIDENCE. THE PROSECUTOR'S ASSERTION ESSENTIALLY COMPROMISES THE PUBLIC OFFICIAL'S PROFESSIONAL INTEGRITY AND POTENTIALLY TENURE IN THE CAPACITY OF COMMON PLEAS JUDGE.

IF THIS COURT DECIDES NOT TO DISMISS THIS CASE IN ITS ENTIRETY WITHOUT PREJUDICE. THE GRAND CHIEF MASTER JUAN ALI BEY WYLEY EL MOVES THIS COURT TO VACATE THE BOND OF $150,000.00 CASH/SURETY/PROPERTY AND RELEASE HIM UPON HIS PERSONAL RECOGNIZANCE. THE BOND AMOUNT OF $2,000.00 AND $10,000.00 HAVING BEEN POSTED IN THE RELATED CASE, THUS FAR, HAS BEEN ENOUGH TO ASSURE THE GRAND CHIEF JUAN ALI BEY WYLEY EL'S PRESENCE (SPECIAL APPEARANCE) AT EVERY HEARING TO DATE. IN WHICH HE FACES FIRST DEGREE, SECOND DEGREE FELONI[ES] THEREFORE THE BOND AMOUNT OF $150,000.00 ON THIS RELATED CHARGE A FELONY OF THE THIRD DEGREE IS EXCESSIVE AND VIOLATES THE RIGHTS PROTECTED UNDER THE EIGTH AMENDMENT TO THE U.S. CONSTITUTION WHICH STATES [THAT] EXCESSIVE BAIL SHALL NOT BE REQUIRED NOR EXCESSIVE FINES IMPOSED NOR CRUEL AND UNUSUAL PUNISHMENT IMPOSED.