UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Juan Ali-Bey Wyley-El, | ) | CASE NO. 1:14 CV 1548 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Deena Calabrese, *et al*., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff, describing himself as "Grand Chief Master Juan Ali-Bey Wyley El," filed this action *pro se* against Judge Deena Calabrese of the Cuyahoga County Court of Common Pleas, and Andrea F. Rocco, Clerk of the Court.  He has filed a motion to proceed *in forma pauperis* (Doc. No. 2), which is granted.

Judge Calabrese has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) and for an order sanctioning the plaintiff as a vexatious litigator (Doc. No. 7), a motion Defendant Rocco has moved to join.  (Doc. No. 14.)  The plaintiff has filed a motion for summary judgment. (Doc. No. 8.)

The defendants' motions to dismiss the action are granted.  Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action at any time under

28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)).  The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim.  *Id*.  Further, to state a claim, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

A complaint is frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may, therefore, dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id*. at 327.  An action has no arguable basis in fact "if it describes fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 Fed. App'x 958, 958–59 (6th Cir. 2004); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990).

The plaintiff's complaint utterly fails to comply with basic pleading requirements, at best describes a scenario that is "fantastic or delusional," and is legally and factually frivolous.  The plaintiff does not forth any intelligible factual basis for any viable claim against the defendants.

Instead, the plaintiff asserts a totally incomprehensible and implausible amalgam of legal conclusions and assertions purporting to support a "common law action" against the defendants in connection with criminal proceedings brought against him in state court. *See State of Ohio v. Juan Wyley*, CR-14-585717-A (Cuyahoga County Court of Common Pleas) (charging plaintiff with among other things aggravated burglary and domestic violence). The plaintiff's civil action against the defendants lacks any arguable rational basis in law or in fact and is completely frivolous. Furthermore, the defendants are immune from civil liability in connection with the performance of their duties as judge and clerk of court. *See Baker v. Cuyahoga Cty. Court of Common Pleas*, 61 Ohio App.3d 59, 572 N.E.2d 155 (Ohio App. 8th Dist, 1989) ("A judge is immune from civil liability for actions taken within his judicial capacity . . . This immunity extends to the clerks of a court of common pleas for actions taken in performance of the court's functions.") Accordingly, the defendants' motions to dismiss are granted, and the plaintiff's motion for summary judgment is denied.

The defendants' request for sanctions is denied without prejudice. The Court finds the plaintiff's filings in this action frivolous, and the Sixth Circuit has authorized a court to enjoin harassing litigants by requiring them to obtain leave of court before submitting additional filings. *See Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94–5453, 94–5593, 1995 WL 111480 (6th Cir. Mar.15, 1995) (authorizing a court to enjoin harassing litigation). The Court will not impose sanctions at this time; however, the plaintiff is hereby notified and cautioned that any further efforts on his part to file patently frivolous claims or cases in this Court may result in sanctions.

**Conclusion**

For all of the reasons stated above, the defendants' motions to dismiss are granted, and this action is dismissed as frivolous and for failure to state a claim on which relief may be granted.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


_/s/ John R. Adams_
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF OHIO


Dated: February 17, 2015